**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dental Village Limited,<br><br>    Petitioner,<br><br>v.<br><br>Robert A. Rodriguez,<br><br>    Respondent. | No. CV-17-00505-TUC-CKJ (EJM)<br><br>**ORDER** |

Pending before the Court is Petitioner Dental Village's: Petition to Confirm Arbitration Award (Doc. 1) and Motion to Confirm Arbitration Award Following Default (Doc. 17). Although this matter is currently referred to Magistrate Judge Eric J. Markovich, the Court finds that a withdrawal of the reference (Doc. 12) is appropriate.

*1. Factual and Procedural Background*

Respondent Robert A. Rodriguez ("Rodriguez") was hired by Petitioner Dental Village Limited ("Dental Village") in September 2013, to serve as a "Senior Executive." Rodriguez represented to Dental Village that he had a Master's level degree in Business or Finance from Florida Atlantic University and that he also had more than ten years of senior management experience. In the summer of 2014, Dental Village suspected that Rodriguez was untruthful about his educational and professional experience and terminated Rodriguez on August 11, 2014.

In connection with that termination, Dental Village and Rodriguez entered into a Separation Agreement whereby Dental Village would pay Rodriguez approximately

1  $35,000.00 between August and October 2014 provided Rodriguez returned Dental
2  Village's confidential business records and information. Shortly after his termination,
3  Rodriguez began disclosing confidential information pertaining to an upcoming
4  acquisition involving Dental Village. On November 3, 2014, Dental Village filed a
5  Demand for Arbitration against Rodriguez. Bruce E. Meyerson ("Mr. Meyerson") was
6  selected to arbitrate the dispute. Mr. Meyerson held a series of management conferences
7  in 2015 and 2016. Rodriguez was given notice of the management conferences but failed
8  to participate. Mr. Meyerson issued subpoenas to Pace University and Florida Atlantic
9  University, where Rodriguez allegedly obtained degrees. Mr. Meyerson also issued
10 subpoenas to three of Rodriguez's alleged former employers to verify his employment
11 history.

12 An evidentiary hearing was held on July 15, 2016. Like the prior conferences, Rodriguez was given notice of the hearing but failed to appear. At the hearing, Dental Village demonstrated that Rodriguez's representations regarding both his education and employment history were fabricated. Dental Village presented evidence that Rodriguez never attended Pace University or Florida Atlantic University. Dental Village also presented documentation from Rodriguez's former employers that he misrepresented his job titles and duties. Mr. Meyerson determined that Rodriguez's misrepresentations were material and caused Dental Village to grossly overcompensate Rodriguez based upon his fabricated experience and education. Mr. Meyerson also determined that Rodriguez improperly obtained and disseminated Dental Village's confidential business records and information, breaching his fiduciary duties. Mr. Meyerson entered a final award on October 10, 2016. (Doc. 1, pg. 25-26).

Subsequently, Dental Village filed the pending Petition to Confirm Arbitration Award on October 9, 2017. (Doc. 1). Rodriguez was served on December 6, 2017. (Doc. 14). To date, Rodriguez has failed to file a responsive pleading. The parties' Separation Agreement provides that "the award rendered by the arbitrator(s) may be entered in any court having jurisdiction." (Doc. 1, pg. 8).

Furthermore, § 9 of the Federal Arbitration Act provides, in pertinent part:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

Since the parties' Separation Agreement permits the award rendered by Meyerson to be entered in any court having jurisdiction pursuant to the Federal Arbitration Act, the only remaining inquiry is whether this Court has jurisdiction. It should be noted that § 9 of the Federal Arbitration Act is not an independent basis for the Court's jurisdiction. *See Gen. Atomic Co. v. United Nuclear Corp.*, 655 F.2d 968, 969 (9th Cir. 1981) ("We hold that applicants who, in federal district court, seek confirmation of an arbitration award under 9 U.S.C. s 9, must demonstrate independent grounds of federal subject matter jurisdiction. The provisions of 9 U.S.C. s 9 do not in themselves confer subject matter jurisdiction on a federal district court").

In its Petition to Confirm Arbitration Award (Doc. 1), Dental Village asserts that this Court has jurisdiction over the parties pursuant to 28 U.S.C. § 1332(a)(1). It appears to be established that Dental Village is an Arizona corporation with its principal place of business in Arizona and Rodriguez is domiciled in Florida. As a result, the parties are diverse. However, it is unclear whether the amount in controversy is sufficient. Although Dental Village states that "the amount in controversy exceeds $75,000.00," it provides no evidentiary support for that assertion. (Doc. 1, pg. 2). In this case, the relevant amount in controversy is "the amount at stake in the underlying litigation, not the amount of the arbitration award [that] is the amount in controversy for purposes of diversity jurisdiction." *Theis Research, Inc. v. Brown & Bain*, 386 F.3d 1180, 1181 (9th Cir. 2004).

Although the final award amount was in excess of $75,000.00, the relevant

amount for jurisdictional purposes is the amount at stake in the underlying litigation. In Mr. Meyerson's Interim Award, he writes: "In its demand, Dental Village alleged that Mr. Rodriguez had materially misrepresented his educational and employment history when seeking employment with Dental Village . . . Among other relief, Dental Village sought compensatory and punitive damages..." (Doc. 1, pg. 13-14). Before the Court can take further action, it must ensure that it properly has jurisdiction over the case and will direct Dental Village to furnish a copy of its demand provided to Mr. Meyerson. The Court further notes that although Dental Village's Civil Cover Sheet (Doc. 1-1, pg. 1-2) states that the dollar demand is $84,288.51, that figure represents the amount awarded by Mr. Meyerson in the Final Arbitration Award and is insufficient to satisfy the amount in controversy.

Accordingly, IT IS ORDERED:

1. The referral to Magistrate Judge Eric J. Markovich is withdrawn.
2. Petitioner Dental Village Ltd. is directed to supplement its pending motion by providing the Court with a copy of its initial demand letter submitted during the arbitration process within seven (7) days of the date of this Order.

Dated this 10th day of September, 2019.

*[signature]*
Honorable Cindy K. Jorgenson
United States District Judge